UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20020-CR-RUIZ/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCOS MALDONADO ACOSTA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

The Honorable Paul C. Huck referred this matter to me to conduct a change of plea hearing for the Defendant Marcos Maldonado Acosta. (ECF No. 97). I held that hearing on September 9, 2019, and for the following reasons recommend that the Court accept Defendant's plea of guilty.

1. At the outset of the hearing, I told Defendant of his right to have these proceedings conducted by Judge Huck, the District Court Judge presiding over the trial in this matter. I also advised Defendant that Judge Ruiz would sentence Defendant and make all findings and rulings concerning Defendant's sentence.

2. Defendant was made aware that he did not have to permit this Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by a District Court Judge. Defendant, Defendant's attorney, and the Assistant United States Attorney all agreed on the record and consented to my conducting the change of plea hearing.

3. I conducted the plea colloquy with Defendant in accordance with Federal Rule of Criminal Procedure 11.

4.     No plea agreement was entered into between the Defendant and the government. Defendant pled guilty to the Superseding Indictment. Count I of the Superseding Indictment charges Defendant with conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. Count II charges Defendant with attempt to possess with intent to distribute five kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. Count III charges Defendant with possession with intent to distribute five kilograms or more of cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

5.     The parties agreed to a written factual proffer, and had that document with them at the hearing. This too was later filed with the Court. Defendant said that he read that factual proffer, and agreed to its accuracy; he also confirmed that he signed it. Government counsel stated a factual basis for the entry of Defendant's guilty plea, and identified all of the essential elements of the offenses to which Defendant plead guilty, including any sentencing enhancements and/or aggravating factors that may be applicable. Defendant also explained in his own words, how he committed the crimes charged in the Superseding Indictment. I found that a factual basis exists for Defendant's plea of guilty to all three counts. Defendant was also advised of the statutory minimum and maximum penalties. Defendant acknowledged that he understood these possible penalties, including the mandatory minimum sentence of imprisonment for ten years and the maximum possible sentence of up to life imprisonment for each of Counts 1, 2, and 3.

6.     Based upon the foregoing, and the statements and findings at the plea colloquy, which I incorporate into this Report and Recommendation, I find that Defendant was

competent and capable of entering an informed plea, and that his guilty plea was knowing and voluntary and has factual support. I recommend that the Court adopt these findings, and adjudicate Defendant guilty of Count 1 of the Superseding Indictment.

Accordingly, I **RECOMMEND** that the Court accept Defendant's plea of guilty, adjudicate Defendant guilty of the Superseding Indictment, and that a sentencing hearing be conducted for final disposition of this matter.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Paul C. Huck, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b), 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** this 9th day of September, 2019, at Miami, Florida.

                                                  CHRIS McALILEY
                                                  UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Rodolfo A. Ruiz
        The Honorable Paul C. Huck
        Counsel of record